IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NJH,

    Plaintiff,

v.                                      CASE NO. 1:08-cv-00062-MP-AK

JUDY PARKS, individually,
NORMA NICKERSON, individually,
and CATHY ANN SHIMONSKY, as
Administrator Ad Litem of the Estate of
Pamela Marie Viera,

    Defendants.
_____/

**AGREED QUALIFIED PROTECTIVE ORDER AND
ORDER TO DISCLOSE PROTECTED HEALTH INFORMATION**

THIS MATTER is before the Court on the Joint Motion of the Plaintiff, NJH, a minor child, by and through her next friend, Patrice Boyles, and Defendants, Judy Parks, Norma Nickerson and the Estate of Pamela Marie Viera, deceased, for a Qualified Protective Order and Order to Disclose Protected Health Information pursuant to the Federal Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub.L. No. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 18, 26, 29 and 42 U.S.C.) and Fla. Stat. §§456.057(7)(a)3 and (8), and the parties having stipulated to the entry of this Order, and the Court being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1.    The parties' Joint Motion for Order Authorizing Disclosure of Protected Health Information (Doc. 105) is granted.

2.    In accordance with and as defined by the regulations promulgated under HIPAA,

specifically 45 C.F.R. §164.152(e)(1)(ii)(B) and (V), the Court hereby enters a HIPAA Qualified Protective Order (QPO). Pursuant to this QPO, all parties to this lawsuit are:

    (a)    Prohibited from using or disclosing the protected health information (PHI) of NJH for any purpose other than the litigation of the above-styled lawsuit or Plaintiff's companion state court negligence action styled NJH v. Florida Department of Children and Family Services, Alachua County Circuit Court Case No. 02-2004-CA-3247, and

    (b)    Required to destroy all copies of PHI or to return them to the disclosing entity at the conclusion of the above-styled lawsuit or Plaintiff's companion state court negligence action styled NJH v. Florida Department of Children and Family Services, Alachua County Circuit Court Case No. 02-2004-CA-3247, whichever occurs later, except Plaintiff, who is authorized to retain any and all copies of her records at her discretion, or the discretion of her next friend, for her own use.

3.    For the purposes of this QPO, "conclusion" is understood to include the time for any statute of limitations applicable to a party's case or, in the alternative, the end of the case as to that particular Defendant, whichever is earlier.

4.    The actual name of the minor Plaintiff, NJH, shall be listed on a schedule to be attached to any records request or deposition notice made pursuant to the QPO.

### AUTHORIZATION AND ORDER TO DISCLOSE PHI IN THE COURSE OF DISCOVERY AND JUDICIAL PROCEEDINGS (ORDER TO DISCLOSE)

5.    Based upon this QPO, commencing immediately from the date of the QPO, all persons, including, but not limited to, all physicians, psychiatrists, psychologists, mental health counselors, therapists, educators and other providers for NJH:

    (a)    Shall comply with any and all subpoenae for records to which no

objection has been timely filed as well as other subpoenae served upon them at any future time in the course of the litigation; and

(b) Are authorized and ordered to use or disclose PHI in response to said subpoenae; and

(c) Counsel for Defendants are only authorized to obtain records from third-party providers and may not communicate orally or in writing with any third-party provider outside of a deposition properly noticed on Plaintiff, other then to facilitate scheduling of any deposition.

6. Pursuant to 43 C.F.R. §164.152(e)(1)(i) and the provisions of Fla. Stat. §§456.057(7)(a)3 and (8), without waiver of any right to the prepayment of costs or any other appropriate objection that may be timely asserted, each deponent duly noticed for deposition in the above-styled litigation, including, but not limited to, any physician, psychiatrist, psychologist, mental health counselor, therapist, educator, fact witness, records custodian, expert or health care provider of any type is expressly and specifically AUTHORIZED and ORDERED to use or to disclose to the attorneys, agents, employees and designees of each party or each party's legal counsel in this case the PHI of NJH that responds to the deposition questions or a valid subpoena duces tecum at such duly noticed deposition in the above-styled litigation.

7. Additionally, pursuant to 45 C.F.R. §164.152(e)(1)(i) and Fla. Stat. §§456.057(7)(a)3 and (8), without waiver of any right to the prepayment of costs or any other appropriate objection that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding relating to this litigation, including, but not limited to, trial, are specifically and expressly AUTHORIZED and ORDERED to use and disclose the PHI of NJH in

any form at such judicial proceeding responsive to questions asked or requests made.

8.  In compliance with both HIPAA and any applicable State law not preempted by HIPAA, the authorizations and orders set forth in Paragraphs 5, 6, and 7 of this Order to Disclose expressly include PHI of NJH concerning psychological and mental health records, disability status and records, substance abuse and treatment history and HIV status, as well as records concerning other sexually transmitted diseases if so requested absent further Order of the Court.

9.  Violations of Paragraphs 5, 6, or 7 of the Order to Disclose may subject a noncompliant party, or that party's counsel, to sanctions including, but not limited to the costs and attorney's fees attributable to such non-compliance.

10. Unless a motion for enforcement of the order to disclose has been filed in this case and remains pending at the time, the Order to Disclose shall expire upon the conclusion of the litigation as defined in Paragraph 3.

11. This QPO and Order to Disclose are self-executing and effective upon entry. A copy of this QPO and Order to Disclose shall be valid as an original.

**DONE AND ORDERED** this  *19th*   day of December, 2008

     *s/Maurice M. Paul*     
Maurice M. Paul, Senior District Judge